TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ruth Koster

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Koster, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Glass Mountain Capital, LLC; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Ruth Koster, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Ruth Koster (hereafter "Plaintiff"), is an adult individual residing at Goodyear, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Glass Mountain Capital, LLC (hereafter "Glass Mountain"), is a company with an address of 1930 Thoreau Drive, Suite 100, Schaumburg, Illinois 60173, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Glass Mountain and whose identities are currently unknown to the Plaintiff. One or more of

the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Glass Mountain at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An individual other than Plaintiff and unknown to Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Glass Mountain for collection, or Glass Mountain was employed by the Creditor to collect the Debt.

11. Glass Mountain attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Glass Mountain Engages in Harassment and Abusive Tactics

12. Within the last year, Glass Mountain contacted Plaintiff on her cellular telephone [602-751-XXXX] in an attempt to collect the Debt owed by the Debtor.

13. Plaintiff did not co-sign for the Debt and is in no way responsible for its repayment.

3

14. On or about April 25, 2014, Plaintiff informed Glass Mountain that is she is not the Debtor and that the Debtor was unreachable at her number.

15. As such, Plaintiff requested that Glass Mountain remove her number from the account and cease all communications with her.

16. Despite being so informed, Glass Mountain continued to call Plaintiff with repeated collection calls in an attempt to collect the Debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants contacted Plaintiff in regards to a third party's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

19. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

4

21. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

B. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

C. Actual damages; and

D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: May 28, 2014 | LEMBERG LAW, LLC |
| 2 | | |
| 3 | | |
| 4 | | By: __/s/  *Trinette G. Kent*__ |
| 5 | | Trinette G. Kent |
| 6 | | Attorney for Plaintiff, |
| 7 | | Ruth Koster |

6